IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01587-RBJ-MEH

SUSAN CARSKADON,

      Plaintiff,

v.

ANU WATER, LLC, a California limited liability company,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      It is ORDERED that the parties may designate as "Confidential," information and documents that have been or will be produced in this litigation that contain proprietary, confidential, competitively sensitive and/or trade secret information related to the product that is the subject matter of this litigation.  All such information and documents designated by the parties as "Confidential" will be covered by the Protective Order.  If any party objects to another party's designation of information or documents as "Confidential," the objecting party will abide by this Protective Order, but, after conferring with the party producing the documents, can file a motion challenging the confidentiality of the designated documents or information and may request that the Court except the challenged documents from the Protective Order.

      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

THE COURT FURTHER ORDERS:

1.      That the parties and their attorneys protect "Confidential" documents and information from disclosure, dissemination and publication to anyone except the Court and its employees,

stenographic reporters engaged in proceedings necessarily incident to the conduct of this action, the attorneys of record in this case, retained experts, deponents, and such personnel and staff of counsel as is necessary for the conduct of this case only.

2.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3.      That the documents and information marked as "Confidential" may not be used for any purpose whatsoever, except for pre-trial preparation and trial of this case and only this case.

4.      That no document or information marked as "Confidential" shall be provided to any third party expert, or other person specifically retained for this litigation, without first obtaining a signed Agreement of Confidentiality (Appendix A) from such person, agreeing to hold all such information in confidence and agreeing to the terms and conditions set forth in this Stipulated Protective Order.

5.      Documents are designated as "Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential."

6.      Whenever a deposition involves the disclosure of "Confidential" information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.      A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the

information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential".

8.      That all copies of the documents covered by this Order shall be returned to the party that produced the documents within 30 days of the conclusion of this case or the party obligated to return the documents may verify in writing that such documents have been destroyed.

9.      That this Protective Order survives this case for the purpose of enforcement.

10.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11.     That this Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all parties.

Dated and entered at Denver, Colorado, this 21st day of October, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge


STIPULATED AND AGREED TO BY:


s/ Katherine L. Vaughn
Katherine L. Vaughn, Esq.
Baldwin Morgan & Rider, PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: katherine@bmrpc.com
Attorneys for Defendant Anu Water, LLC

s/ Adam Mayo
Kristopher Hammond, Esq.
Adam W. Mayo, Esq.
Hammond Law Offices
2504 Riverside Drive
Steamboat Springs, CO 80487
Attorneys for Plaintiff Susan Carskadon